## Ireland *v.* Ireland Advertising Agency et al., Appellants.

*Trusts and trustees—Construction—Shares of corporation—Intent to defraud—Collusive agreement—Annulment of contract—Equity.*

1. A decree in equity declaring a trust in favor of the plaintiff with respect to certain shares of stock held in his wife's name and annulling a contract entered into between the latter and another defendant by which the latter was to receive a certain amount of capital stock in addition to salary for services to be rendered the corporation, will be sustained where the court has found, on sufficient evidence, that the plaintiff, on account of ill health, was indisposed to give personal

attention to the business he had established; that contemplating a period of rest in travel, he executed a bill of sale of the business to his wife to invest her with legal title, for the sole purpose of enabling her, in his absence, to transfer it to a corporation thereafter to be created; that such corporation was formed with a capital stock of 2,000 shares, which represented nothing of value but the property included in the bill of sale, of which shares the wife received 1,840; that later the wife became president and treasurer, displacing the husband, and that then the wife, asserting her individual ownership of the stock, entered into the contract, with the other defendant, in pursuance of a scheme to exclude the plaintiff from all control over his property, in which scheme both were active participants; there being nothing in the evidence from which an intention to make a gift to the wife could be derived.

2. In such a case a clause of the decree authorizing the plaintiff upon notice to call a meeting of the stockholders of the corporation for the purpose of electing officers and the transaction of other corporate business, will be stricken out, as being unnecessary and based on doubtful authority.

Argued May 2, 1911. Appeal, No. 90, Jan. T., 1911, by defendants, from decree of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 2,123, in case of Howard I. Ireland v. Ireland Advertising Agency, Bertha D. Ireland and Howard M. Donovan. Before FELL, C. J., ELKIN, STEWART and MOSCHZISKER, JJ. Modified.

Bill in equity to declare a trust ex maleficio, to annul a contract, for an injunction and an account. Before WILT-BANK, J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in certain findings of fact, and the decree of the court.

*E. Cooper Shapley*, with him *Frank B. Stockley*, for appellants.

*Morton Z. Paul*, for appellee.

OPINION BY MR. JUSTICE STEWART, July 6, 1911:
The finding by the chancellor to the effect that no gift

to the wife or other person was intended by the bill of sale which the appellee executed covering all the assets of the advertising agency of which he was the sole owner, is conclusive of this case, except as it can be shown that such finding is without support in the evidence. The numerous assignments of error do not call for separate consideration. The one question in the case is, What was the real purpose and object of the bill of sale? The chancellor finds that the appellee, broken in health, from whatever cause, was for the time at least indisposed, if not unable, to give personal attention to the business he had established; that he contemplated a period of rest in travel, and that the bill of sale to the wife was simply to invest her with the legal title to enable her, in his absence from the country, to transfer it to a corporation thereafter to be created. In due time the corporation was formed, with a capital stock which represented nothing of value but the property included in the bill of sale, and which the appellant, Mrs. Ireland, turned over. The capital was divided into 2,000 shares of the par value of $5.00 per share, appellant receiving 1,840 of these, the remainder being gratuitously bestowed upon several who became directors. Later on the wife became the president, displacing her husband from that position, and treasurer of the corporation as well. The bill was to declare a trust in favor of the husband with respect to the 1,840 shares of stock held in the wife's name, and to cancel and annul a contract entered into between the wife and Donovan, the other appellant, by which the latter was to receive a certain amount of the capital stock in addition to salary for services to be rendered as general manager of the corporation. It is vain to argue that the findings of the chancellor with respect to the purpose of the bill of sale and the joint participation of appellants in a scheme to deprive the husband of the ownership of his property, are without warrant in the evidence. It is made abundantly clear by the testimony of witnesses called by the appellants who were present when the bill of sale was suggested, and

when it was executed as well, that all that was intended
to be accomplished through it was the incorporation of
the business. The incorporation was suggested as a means
whereby the appellee could get respite from business cares
and responsibilities. Not a witness testifies to anything
from which an intention to make a gift to the wife could
be derived. Even the wife herself asserts nothing that
gives support to her contention of ownership. On her
cross-examination she was asked whether her husband
had ever suggested giving his business entirely over to
her. Her answer was, "I do not remember." She no-
where in her testimony asserts that her husband at any
time before the execution of the bill of sale expressed an
intention to make a gift of his property to her. Nor did
any witness. The whole transaction shows conclusively
that no gift was intended, and that the wife's course during
the absence of the husband abroad in the management
of the corporation, and in the assertion of her individual
ownership of the stock, was in clear violation of the
husband's rights.

Donovan, the other appellant, had been for years in
appellee's employ, and was perfectly familiar with actual
conditions both as to the ownership of the property and
the contemplated change of the business into a corpora-
tion. Immediately following upon the organization of
the corporation, and the appellee's departure from the
country, and without the knowledge of the latter, he
entered into a written contract with Mrs. Ireland, the
wife, wherein Mrs. Ireland, asserting her individual owner-
ship of 1,840 shares, agrees that Donovan shall become
general manager of the corporation for a period of five
years at a fixed salary, and in addition a certain amount of
the capital stock held by her. This was not only an un-
warranted assumption of power on the part of Mrs. Ire-
land, but such fact must have been known to Donovan.
He knew of the bill of sale; he fully understood its purpose;
he knew of Ireland's absence from the country, and he
must have known that what Mrs. Ireland was attempting

to accomplish by the contract was the exclusion of her husband from all control over his own property. In this scheme the chancellor finds that Donovan was an active participant. It is enough to say that the evidence fully warrants the finding. The assignments of error are overruled.

By paragraph nine of the decree, the plaintiff, Howard I. Ireland, is authorized upon notice to call a meeting of the stockholders of the Ireland Advertising Agency, for the purpose of electing officers of the corporation, and the transaction of other corporate business. The decree without this feature provided full relief to the plaintiff. Its inclusion was not only not required for plaintiff's protection, but the authority of the court to make such order, as the case stood, may well be doubted. The decree calls for amendment in this particular, and the ninth paragraph of the decree is accordingly stricken therefrom. As so amended the decree is affirmed and appeal dismissed.